1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

AMY COE, et. al.,

Plaintiffs,

v.

PHILIPS ORAL HEALTHCARE INC, et. al.,

Defendants.

CASE NO. C13-518-MJP

ORDER GRANTING MOTION TO DISMISS KONINKLIJKE PHILIPS FOR LACK OF PERSONAL JURISDICTION

16

17

18

19

20

21

22

23

24

        This matter comes before the Court on Defendants' motion to dismiss Koninklijke Philips

Electronics NV ("Koninklijke Philips") pursuant to Fed. R. Civ. P. 12(b)(2).  (Dkt. No. 38.)  The

Court has reviewed the motion, the response (Dkt. No. 52), the reply (Dkt. No. 54), all related

papers, and heard oral argument on January 28, 2014.  Finding Koninklijke Philips lacks

sufficient contacts with Washington and no other ground exists for this Court to exercise

personal jurisdiction, the Court GRANTS the motion (Dkt. No. 38).

//

//

ORDER GRANTING MOTION TO DISMISS
KONINKLIJKE PHILIPS FOR LACK OF
PERSONAL JURISDICTION- 1

**Background**

1

2         The Plaintiffs in this defective products case are purchasers of various Sonicare electric

3   toothbrushes.   (Dkt. No. 20.)   Alleging their toothbrushes slowed due to a design defect,

4   Plaintiffs bring this putative class action against Philips Oral Healthcare Inc., and Koninklijke

5   Philips.  (Id.)  The Court limits its recitation of the facts to those needed to resolve the pending

6   motion to dismiss.

7         Koninklijke Philips is a Dutch holding company.  (Dkt. No. 39 at 2.)  According to the

8   deputy secretary of the Board of Management, the company has no contacts with Washington.

9   (Id.) Of its nine employees, none works here.  (Id.)  Nor does it have any offices, operational

10  facilities or manufacturing centers in Washington or elsewhere in the United States.  (Id.)  It has

11  never conducted business in this state and does not pay any taxes.  (Id.)

12        Philips Oral Healthcare is a Washington corporation.  (Dkt. No. 40 at 2.)  Philips Oral

13  Healthcare is held by Philips Holding USA, Inc., an indirect wholly owned subsidiary of

14  Koninklijke Philips.  (Dkt. No. 39 at 3.)  In total, four corporate tiers separate Koninklijke

15  Philips from Philips Oral Healthcare.  (Id.)  Koninklijke Philips does not manage Philips Oral

16  Healthcare, nor does it exert control over its daily operations.  (Dkt. No. 40 at 2.)

17        Plaintiff Amy Coe filed this case in March 2013.  (Dkt. No. 1.)  Counsel for Defendants

18  entered notices of appearances three weeks later.  (Dkt. No. 4.)  After several related matters—

19  all involving plaintiffs alleging the same defects with their Sonicare toothbrushes—were

20  transferred to this Court, the parties stipulated to consolidation.  (Dkt. No. 18.)  The consolidated

21  Complaint alleges Plaintiffs' complaint includes seven claims for relief.  (Dkt. No. 20.)

22        //

23        //

24

ORDER GRANTING MOTION TO DISMISS
KONINKLIJKE PHILIPS FOR LACK OF
PERSONAL JURISDICTION- 2

**Analysis**

A.    Legal Standard

When a defendant invokes Fed. R. Civ. P. 12(b)(2), Plaintiffs bear the burden of establishing that the court has personal jurisdiction.  See, e.g., Zigler v. Indian River Cnty., 64 F.3d 470, 473 (9th Cir. 1995).  Because the court is resolving the motion to dismiss without holding an evidentiary hearing, Plaintiffs "need [to] make only a prima facie showing of jurisdictional facts to withstand the motion." Wash. Shoe Co. v. A–Z Sporting Goods, Inc., 704 F.3d 668, 671–72 (9th Cir. 2012).  That is, Plaintiffs need only demonstrate facts that if true would support jurisdiction over Koninklijke Philips.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1085 (9th Cir. 2000) ("Where ... the district court does not hold an evidentiary hearing but rather decides the jurisdictional issue on the basis of the pleadings and supporting declarations, we will presume that the facts set forth therein can be proven."). Neither party has requested an evidentiary hearing.

In determining whether Plaintiffs have met their burden of making a prima facie showing of jurisdictional facts, the court considers uncontroverted allegations in the complaint as true and resolves conflicts between facts contained in the parties' affidavits in Plaintiffs' favor. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  In addition to Plaintiffs' consolidated Complaint (Dkt. No. 20), Koninklijke Philips submitted affidavits in support of the motion.  (Dkt. Nos. 39-41.)

B.    Koninklijke Philips Did Not Waive its Right to Deny Personal Jurisdiction

Fed. R. Civ. P. 12(h)(1) dictates that a defendant waives a personal jurisdiction defense if it does not raise it in a responsive pleading or in a motion to dismiss that precedes the responsive pleading.  Although "Rule 12(h)(1) specifies the minimum steps that a party must take in order

1  to preserve a defense," it does not follow "that a party's failure to satisfy those minimum steps

2  constitutes the only circumstance under which a party will be deemed to have waived a defense."

3  Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998).  A court can find a

4  defendant has waived a defense listed in Rule 12(h)(1) if its litigation conduct amounts to

5  "deliberate, strategic behavior" or "sandbagging" designed to seek affirmative relief from the

6  court only to take shelter later in the protection of a threshold defense.  Id.

7  Koninklijke Philips did not waive its right to challenge personal jurisdiction.  Koninklijke

8  Philips' entry of a notice of appearance before filing this motion (Dkt. No. 4), does not constitute

9  waiver.  Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)(waiver occurs if defendant

10 fails to challenge the defect in a preliminary motion, or responsive pleading.)  Nor did Phillips

11 waive personal jurisdiction by stipulating to consolidation of several related cases because it

12 preserved the defense:

13  The parties dispute whether Philips N.V. has been properly served and whether it
    is subject to personal jurisdiction in the state of Washington.  By execution of this
14  stipulation, each side preserves all of their respective rights and positions, and
    both sides agree that the execution of this stipulation shall not impact their
15  respective rights and positions.

16 (Dkt. No. 18 at 2.)  The Court finds Koninklijke Philips did not waive its right to challenge

17 personal jurisdiction.

18      C.      Civil Procedure 4(k)(2) does not Provide a Basis for Personal Jurisdiction

19      Civil Rule 4(k)(2) may, in limited circumstances, be a basis for establishing jurisdiction

20 where "the United States serves as the relevant forum for a minimum contacts analysis."

21 Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1126 (9th Cir.

22 2002).  The exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove

23 three factors.  Id.  First, the claim against the defendant must arise under federal law.  Id.

24

ORDER GRANTING MOTION TO DISMISS
KONINKLIJKE PHILIPS FOR LACK OF
PERSONAL JURISDICTION- 4

1   Second, the defendant must not be subject to the personal jurisdiction of any state court of

2   general jurisdiction.   Third, the federal court's exercise of personal jurisdiction must comport

3   with due process.   Id.; See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1159 (9th Cir. 2006),

4         Plaintiffs assert their Magnuson-Moss Warranty Act claim allows them to rely on the

5   Rule 4(k)(2).   While the Complaint does allege such a claim, it is not viable against Koninklijke

6   Philips for the simple reason that it did not warrant the toothbrushes at issue in this case.   Indeed,

7   the record before this Court is undisputed: "Philips Consumer Lifestyle, a division of Philips

8   Electronics North America Corporation, not Koninklijke Philips, provides the two-year warranty

9   for the Sonicare toothbrushes sold in the United States."   (Dkt. No. 40 at 2.)   Magnuson-Moss

10  Warranty Act only recognizes a warranty claim "against [the] warrantor and no other person."

11  15 U.S.C. § 2310(f).   Lacking a federal cause of action, Plaintiffs cannot invoke Rule 4(k)(2) to

12  establish personal jurisdiction over Koninklijke Philips.

13        D.       Koninklijke Philips lacks sufficient contacts with Washington

14        Washington's long-arm statute extends jurisdiction over a defendant to the fullest extent

15  permitted by the Due Process Clause of the Fourteenth Amendment.   Wash. Shoe, 704 F.3d at

16  672.   Because Washington's long-arm statute is coextensive with federal due process, the state-

17  law jurisdictional analysis is the same as the federal due process analysis. AT & T Co., 94 F.3d

18  at 588.   "The relevant question, therefore, is whether the requirements of due process are

19  satisfied by the exercise of personal jurisdiction over [Koninklijke Philips] in Washington."   Id.

20  Federal due process requires that a defendant have sufficient minimum contacts with the forum

21  state that the exercise of personal jurisdiction will not offend traditional notions of fair play and

22  substantial justice.   Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).   There are two

23  different kinds of personal jurisdiction: general and specific.

24

ORDER GRANTING MOTION TO DISMISS
KONINKLIJKE PHILIPS FOR LACK OF
PERSONAL JURISDICTION- 5

1    "For general jurisdiction to exist, a defendant must engage in 'continuous and systematic

2    general business contacts,' ... that 'approximate physical presence' in the forum state." Marvix

3    Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1223–24 (9th Cir. 2011) (quoting

4    Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, (1984).  "The standard

5    for general jurisdiction 'is an exacting standard, as it should be, because a finding of general

6    jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its

7    activities anywhere in the world.'"  Marvix, 647 F.3d at 1224 (quoting Schwarzenegger v. Fred

8    Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)).

9        The Ninth Circuit employs a three-part test to determine whether a court has specific

10   jurisdiction:

11       (1) The non-resident defendant must purposefully direct his activities or
         consummate some transaction with the forum or resident thereof; or perform
12       some act by which he purposefully avails himself of the privilege of conducting
         activities in the forum, thereby invoking the benefits and protections of its laws;
13       (2) the claim must be one which arises out of or relates to the defendant's forum-
         related activities; and
14       (3) the exercise of jurisdiction must comport with fair play and substantial justice,
         i.e. it must be reasonable.
15

16   Schwarzenegger, 374 F.3d at 802.  Plaintiffs bear the burden of alleging the first two prongs of

17   the test.  (Id.)  If successful, Koninklijke Philips then bears the burden of showing that an

18   exercise of jurisdiction would not be reasonable  See College Source, Inc. v. Academy One, Inc.,

19   653 F.3d 1066, 1076 (9th Cir. 2011).

20       Plaintiffs assert a stream of commerce theory in support of specific jurisdiction.  (Dkt.

21   No. 52 at 15.)  Indeed, a foreign corporation may be subject to personal jurisdiction when its

22   products are placed into a state's stream of commerce.  Asahi Metal Indus. Co. v. Superior

23   Court, 480 U.S. 102, 112-13 (1987).  However, more than mere knowledge that a product will

24

1    reach the forum state is required for a court to exercise personal jurisdiction; the corporation

2    must have taken affirmative steps showing an "intent or purpose to serve the market in the forum

3    State." (Id.)   A company must purposefully direct some action toward the forum state. J.

4    McIntyre Machinery, Ltd. v. Nicastro, —— U.S. ——, ——, 131 S.Ct. 2780, 2788, 180 L.Ed.2d

5    765 (2011).

6         Plaintiffs point to several purported contacts between Koninklijke Philips and

7    Washington consumers as the additional steps needed for personal jurisdiction under their stream

8    of commerce theory.  First, Plaintiffs allege Koninklijke Philips directly provides the two-year

9    warranty to its Washington customers.  Second, Plaintiffs allege Koninklijke Philips intended to

10   serve Washington consumers (and the U.S. market) with the design of the electrical outlet prong.

11   Finally, according to Plaintiffs, the webpage for USA Philips bears the copyright notice from

12   "Koninklijke Philips Electronics N.V." (Dkt. No. 52 at 15-16.)

13        The Court readily dispatches with Plaintiffs' stream of commerce theory because it

14   conflates the actions of Koninklijke Philips with those of its subsidiaries.  Indeed, absent from

15   the record is any evidence Koninklijke Philips had any role in placing the allegedly defective

16   toothbrushes into Washington's marketplace, let alone took any additional steps to purposefully

17   avail itself of this forum.  Contrary to Plaintiffs' claims, Koninklijke Philips did not issue any of

18   the warranties at issue in this case.  (Dkt. Nos. 39-40)  Nor has Koninklijke Philips ever issued

19   warranties for the Sonicare toothbrushes.  (Id.)   Likewise, nothing in the record establishes

20   Koninklijke Philips designed the outlet prong for the Sonicare toothbrushes sold in the United

21   States and Washington.  (Dkt. No.  54 at 6, n. 2.)  Finally, the use of a copyright notice does not

22   constitute a basis for personal jurisdiction.  U.S. ex rel. Banignan v. Organon USA Inc., No. 07-

23   12153-RWZ, 2012 WL 1190826, at *6 (D.Mass. Apr. 9, 2012).

24

1    Perhaps realizing Koninklijke Philips lacks contacts with Washington, Plaintiffs attempt

2    to impute those of Philips Oral Healthcare.  Plaintiffs suggest "[i]t is well settled that the contacts

3    of a direct or indirect corporate subsidiary can be imputed to a foreign parent."  (Dkt. No. 52 at

4    16.)   The Supreme Court recently held that a foreign corporation may not be subject to

5    jurisdiction based upon the importance of the subsidiary to its operations as tested by the

6    hypothetical readiness of the foreign corporation to perform the acts of the domestic subsidiary.

7    Daimler AG v. Bauman, –––U.S. –––, 134 S.Ct. 746, 754 (2014).  The Court explained:

8          Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-
           of-state defendants "to structure their primary conduct with some minimum
9          assurance as to where that conduct will and will not render them liable to suit."

10   (Id.).  Thus, Plaintiffs proposition "[i]f Philips Oral Healthcare did not exist, Philips [Koninklijke

11   Philips] would have to directly perform those functions within the United States or not provide

12   distribution or support," cannot serve as the basis for personal jurisdiction over a foreign

13   corporation.  (Dkt. No. 52 at 16.)

14         In this same vein, Plaintiffs suggest Philips Oral Healthcare is merely an agent or alter

15   ego of Koninklijke Philips.  To succeed on this theory, Plaintiffs must establish there is such a

16   unity of interest in ownership between the corporate entities that in reality no separate entities

17   exists, and failure to disregard the separate entities would result in fraud or injustice.  American

18   Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir. 1996).  In Flynt

19   Distrib. Co. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984), for example, the plaintiff made a

20   prima facie showing of an alter ego relationship by submitting affidavits indicating the two sole

21   shareholders of several corporations had converted corporate assets for their own use, had dealt

22   with the various corporations as if they were one, and had transferred assets among the

23   corporations, leaving some of them undercapitalized.  Id. at 1393-94.

24

1    Plaintiffs fail to make a prima facie case of alter ego or agency.  Koninklijke Philips has

2  no role in the daily running of Philips Oral Healthcare.  Nor is there an overlap in management.

3  (See Dkt. No. 39-40.)  Indeed, the record on this issue is uncontroverted.  Plaintiffs nonetheless

4  argue that two corporations are one in the same based on based on a single financial document:

5  Koninklijke Philips' 2012 Form 20-F filing with the Security and Exchange Commission.

6  Plaintiffs' position that a parent company's references to its direct and indirect subsidiaries in a

7  SEC report collapses corporate distinctions is without any legal support.  Moreover, even apart

8  from that fundamental defect, Koninklijke Philips' 2012 Form 20-F filing does not establish

9  unity of ownership sufficient to support jurisdiction in this case.  It details its global holdings, not

10  Koninklijke Philips' control and management of its 75 subsidiaries.  Unlike Flynt, Plaintiffs fail

11  to show Koninklijke Philips has ignored the four tiers of corporate structure separating it from

12  Philips Oral Healthcare such that the entities should be treated as one for jurisdiction.

13    Finding Koninklijke Philips lacks contacts with Washington and no other basis exists for

14  the Court to exercise personal jurisdiction, the Court GRANTS the motion.

15    E.  Jurisdictional Discovery is Unwarranted

16    Plaintiffs ask for leave to conduct jurisdictional discovery.  (Dkt. No. 52 at 17.)  Leave to

17  take jurisdictional discovery should be permitted when "pertinent facts bearing on the question

18  of jurisdiction are in dispute." or where a more satisfactory showing of the facts is necessary.

19  Am. W. Airlines, Inc. v. GPA Grp., Ltd., 877 F.2d 793, 801 (9th Cir. 1989) (citing Wells Fargo

20  & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430–31 n. 24 (9th Cir. 1977)).  The Court denies

21  this request, because it finds no colorable basis for personal jurisdiction over Koninklijke Philips

22  or facts to be resolved through discovery.

23  //

24

ORDER GRANTING MOTION TO DISMISS
KONINKLIJKE PHILIPS FOR LACK OF
PERSONAL JURISDICTION- 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**Conclusion**

Finding Koninklijke Philips lacks sufficient contacts with Washington and no other ground exists for this Court to exercise personal jurisdiction, the Court GRANTS the motion (Dkt. No. 38) and DISMISSES Koninklijke Philips from this case.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 14th day of February, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING MOTION TO DISMISS
KONINKLIJKE PHILIPS FOR LACK OF
PERSONAL JURISDICTION- 10