UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY COE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIPS ORAL HEALTHCARE INC,<br><br>Defendant. | CASE NO. C13-518 MJP<br><br>ORDER ON MOTION TO DENY CLASS CERTIFICATION AND MOTION FOR PARTIAL SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant's motion to deny certification of a nationwide class under the Washington Consumer Protection Act (Dkt. No. 69) and motion for partial summary judgment on Plaintiffs' fifth and sixth causes of action (Dkt. No. 102). Having reviewed the motions, Plaintiffs' responses (Dkt. Nos. 83, 111), and Defendant's replies (Dkt. Nos. 87, 113), and all related papers, the Court GRANTS the motion to deny class certification and GRANTS the motion for summary judgment on Plaintiff's sixth cause of action. Plaintiffs' fifth cause of action is DISMISSED for lack of subject matter jurisdiction.

**Background**

This putative class action seeks damages and equitable relief for purchasers of Defendant's allegedly defective Sonicare Diamond Clean, FlexCare, FlexCare+, Healthy White, EasyClean, and Sonicare for Kids powered toothbrushes and related replacement parts (collectively, the "Toothbrushes"). (Dkt. Nos. 20, 90.)

The suit began when Plaintiff Amy Coe filed a class action on behalf of Toothbrush purchasers citing, among other things, breach of Washington and New Jersey state law. (Dkt. No. 1.) Approximately two months later, Plaintiffs Sam Chawla and Lance Ng filed a separate action with similar claims under Washington, Connecticut, and New York state law. Chawla v. Philips Oral Healthcare, Inc., No. 13-cv-875-MJP, Dkt. No. 1. Plaintiffs Coe, Chawla, and Ng then filed a consolidated complaint incorporating all claims. (Dkt. No. 20).

Defendant asks the Court to preemptively deny certification of a single nationwide class under Washington law, and to grant summary judgment on Plantiff Chawla's Connecticut Unfair Trade Practices Act claim, Conn. Gen. Stat. § 42-110a et seq. (Dkt. No. 20 at 39) and Plaintiff Ng's claim under New York's General Business Law §§ 349, 350 (Dkt. No. 20 at 42). Defendant argues that under Washington's choice-of-law rules, the laws of the consumers' home states, and not Washington law, must apply to their claims. (Dkt. No. 69 at 7-8.) Defendant also argues the claims of Plaintiffs Ng and Chawla are barred by the applicable statute of limitations. (Dkt. No. 102 at 3-10.) Plaintiffs contend Washington law applies, certification is appropriate, and Plaintiffs' claims are not time-barred. (Dkt. Nos. 83, 111.)

**Discussion**

I. Legal Standards

    A. Class Certification

"A class action may be maintained if two conditions are met – the suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality and adequacy of representation), and it must also fit into one of the three categories described in subdivision (b)." Bateman v. Am. Multi-Cinema, Inc., 623 F.3d 708, 712 (9th Cir. 2010). Certification in this matter is sought under Fed. R. Civ. P. 23(b)(3), which necessitates a finding that common questions of law or fact predominate and that maintaining the suit as a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3). Class certification is proper if and only if "the trial court is satisfied, after a rigorous analysis," that Plaintiffs have met their burden under Rule 23. Wal-mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011).

### B.  Choice of Law

A federal court sitting in diversity applies the choice-of-law rules of its forum state to determine which substantive law controls. Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 134 S. Ct. 568, 582 (2013). Washington uses a two-step approach to choice-of-law questions. Kelley v. Microsoft Corp., 251 F.R.D. 544, 550 (W.D. Wash. 2008). First, courts determine whether an actual conflict between Washington and other applicable state law exists. Id. A conflict exists when the various states' laws could produce different outcomes on the same legal issue. Id. In the absence of a conflict, Washington law applies. Id. If a conflict exists, courts then determine the forum or fora that have the "most significant relationship" to the action to determine the applicable law. Id.

### C.  Summary Judgment

Federal Rule 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether a factual dispute

requiring trial exists, the court must view the record in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). All material facts alleged by the nonmoving party are assumed to be true, and all inferences must be drawn in that party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008).

A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. There is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. Preemptive Motion to Deny Class Certification

Fed. R. Civ. P. 23 does not preclude affirmative motions to deny class certification. In Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935 (9th Cir. 2009), the Ninth Circuit affirmed the right of defendants to bring preemptive motions, provided that plaintiffs are not procedurally prejudiced by the timing of the motion. Id. at 944.

No procedural prejudice exists here. Resolution of the class certification issue turns primarily on the choice-of-law analysis, which determines whether Washington law or the laws of putative class members' home states should apply. If Washington law applies, common questions will predominate for a nationwide class, and a class action may be efficient and desirable. On the other hand, if the consumer protection laws of the consumers' home states apply, variations in the laws will overwhelm common questions, precluding certification. The relevant inquiry then is whether sufficient discovery has taken place to allow for the choice-of-law analysis.

1   Plaintiffs argue consideration of the motion is premature because they received

2  Defendant's first production of documents on the same day that their opposition to this motion

3  was due. (Dkt. No. 83 at 4.) Plaintiffs assert that it would be contrary to <u>Vinole</u> to deny

4  certification without permitting them to develop facts to inform the Court's choice-of-law

5  analysis. <u>Id.</u> However, this Court now has pending before it Plaintiff's affirmative motion for

6  class certification, filed after Plaintiffs had sufficient time to review documents and inform the

7  Court of relevant facts.

8   Because Plaintiffs have had sufficient time to inform the Court of facts relevant to its

9  choice-of-law analysis, and have presented those facts in their Motion for Class Certification

10  (Dkt. No. 90), the Court may now properly consider Defendant's motion to deny certification.

11   III. Choice of Law

12   Defendant asserts, and Plaintiffs do not contest, that an actual conflict exists between the

13  Washington Consumer Protection Act ("WCPA") and the consumer protection laws of other

14  states. (Dkt. No. 69 at 9.) Because a conflict exists between WCPA and the consumer

15  protection laws of the various states where the Toothbrushes were purchased and used, the Court

16  must apply Washington's most significant relationship test in order to determine which law to

17  apply. <u>Kelley</u>, 251 F.R.D. at 551. In adopting the approach of the Second Restatement of Law

18  on Conflict of Laws (1971), Washington rejected the rule of <u>lex loci delicti</u> (the law of the place

19  where the wrong took place). <u>Id.</u> Instead, Washington's test requires courts to determine which

20  state has the "most significant relationship" to the cause of action. <u>Id.</u> If the relevant contacts to

21  the cause of action are balanced, the court considers the interests and public policies of

22  potentially concerned states and the manner and extent of such policies as they relate to the

23  transaction. <u>Id.</u>

24

ORDER ON MOTION TO DENY CLASS
CERTIFICATION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT- 5

Washington has a significant relationship to alleged deceptive trade practices by a Washington corporation. Washington has a strong interest in promoting a fair and honest business environment in the state, and in preventing its corporations from engaging in unfair or deceptive trade practices in Washington or elsewhere. Washington recognizes WCPA claims asserted by non-resident consumers against Washington corporations. Keithly v. Intelius Inc., 2:09-cv-1485-RSL, 2011 WL 2790471, *1 (W.D. Wash. May 17, 2011).

Conversely, the putative class members' home states have significant relationships to allegedly deceptive trade practices resulting in injuries to their citizens within their borders. The Toothbrushes were sold and purchased, and representations of their quality made and relied on, entirely outside of Washington. No Plaintiff resides in Washington. While Plaintiffs contend Philips Oral Healthcare spent considerable time and resources analyzing the problem and attempting to fix it at their Washington facilities, thus increasing Washington's relationship to the action, the crux of Plaintiffs' action involves the marketing and sale of the Toothbrushes, which took place in other states. Furthermore, the Ninth Circuit recently recognized the strong interest of each state in determining the optimum level of consumer protection balanced against a more favorable business environment, and to calibrate its consumer protection laws to reflect their chosen balance. Mazza v. Am. Honda Motor Co., Inc., 666 F.3d 581 (9th Cir. 2012).

In Kelley, this Court explained that in deceptive trade practice cases, the place of injury is often of lower importance than the place in which the fraudulent conduct arose. This is especially true in cases where the alleged injuries are scattered throughout the country but stemmed from a defendant's deceptive practice in one state. Kelley, 251 F.R.D. at 552. Since Kelley, however, Washington has formally adopted § 148 of the Restatement in the fraud and misrepresentation context. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.,

331 P.3d 29, 36 (2014). Section 148 of the Restatement and its comments make clear that the alleged misrepresentation to consumers and the consumers' pecuniary injuries, both of which occurred in consumers' home states and not in Washington, should be considered the most significant contacts in this particular case. Restatement (Second) of Law on Conflict of Laws § 148 cmts. i, j (1971).

The Court agrees with Defendant that consumers' home states have the most significant relationship to their causes of action. Therefore, the consumer protection laws of those states, and not WCPA, apply. Material differences between the various consumer protection laws prevent Plaintiffs from demonstrating Rule 23(b)(3) predominance and manageability for a nationwide class. Accordingly, the Court GRANTS Defendant's motion to deny certification of a nationwide class under WCPA.

### IV. Connecticut Unfair Trade Practices Act

The Parties agree this Court lacks jurisdiction over Plaintiff Chawla's Connecticut Unfair Trade Practices Act ("CUTPA") claim if the WCPA claim is dismissed. (Dkt. No. 113 at 2.) There is no jurisdiction over Chawla's claim under the Class Action Fairness Act of 2005 ("CAFA") because Plaintiff Chawla does not seek class certification for his CUTPA claim. (Dkt. No. 111 at 8.) There is no diversity jurisdiction over Plaintiff Chawla's claim because it fails to meet the amount in controversy requirement of 28 U.S.C. § 1332. Id.

As determined in Section III, above, Washington's choice-of-law rules mandate application of the laws of the consumers' home states, not WCPA. Plaintiff Chawla's CUTPA claim is therefore DISMISSED for lack of subject matter jurisdiction.

V.    New York General Business Law §§ 349, 350

Defendant contends that Plaintiff Ng's claims under New York General Business Law ("NYGBL") §§ 349, 350 are time-barred by New York's three-year statute of limitations. N.Y. C.P.L.R. § 214 (MCKINNEY 2014). Plaintiff Ng admits to filing his original complaint more than three years after purchasing his toothbrush, the date which would have triggered the statute of limitations. (Dkt. No. 103-1 at 41-42.) Ng contends, however, that Plaintiff Coe's filing of her class action - which contained no NYGBL claims - tolled his statute of limitations. (Dkt. No. 111 at 5; Dkt. No. 1.) In other words, Plaintiff Ng claims cross-jurisdictional tolling, arguing his New York state law claim was tolled when Plaintiff Coe filed her claims under the law of another state.

To support this use of cross-jurisdictional tolling, Plaintiff Ng cites the Supreme Court's holding in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974). There, the State of Utah was denied class action status for a price rigging claim against American Pipe under the Sherman Act. Several towns, municipalities and water districts - all would-be members of the unsuccessful class - then filed motions to join in Utah's individual action. Am. Pipe & Constr. Co., 414 U.S. at 544. The district court denied all of the motions because they were filed after expiration of the statute of limitations. Id. Members of the unsuccessful class argued that their statute of limitations should have been tolled when the State of Utah filed the (unsuccessful) motion for class action status. Id. The Supreme Court agreed - filing a class action on a federal claim tolls the statute of limitations for the claims of all potential class members regardless of ultimate class certification. Am. Pipe & Constr. Co., 414 U.S. at 554 ("[T]he rule most consistent with federal class action procedure must be that the commencement of a class action

suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.").

Here, Plaintiffs contend the rule of American Pipe - which allows tolling within the federal court system in federal question class actions - permits cross-jurisdictional tolling as a matter of New York state procedure. (Dkt. No. 111.)  This is incorrect.  Cross-jurisdictional tolling may be permitted where a class action is filed in New York and makes claims under New York state law; it is not, however, permitted where the class action was filed outside of New York and make no New York claims.  In re Bear Stearns Cos., Secs., Derivative, & ERISA Litig., 2014 U.S. Dist. LEXIS 14751, 48-49 (S.D.N.Y. Feb. 3, 2014) ("In certain circumstances, a New York statute of limitations may be tolled by the pendency of a class action, but New York currently does not recognize tolling where that class action is filed outside New York state court (so-called 'cross-jurisdictional tolling')").

When a state legal system is unclear on cross-jurisdictional tolling Federal courts do not generally introduce a rule. See, e.g., Clemens v. Daimler Chrysler Corp., 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to import cross-jurisdictional class action tolling into California law). See also In re Fosamax Prods. Liab. Litig., 694 F. Supp. 2d 253, 258 (S.D.N.Y. 2010) (gathering cases).  Because New York state law does not expressly permit cross-jurisdictional tolling, this Court will not allow Plaintiff Ng to rely on Plaintiff Coe's class action filing to toll his NYGBL statute of limitations.

The Court rejects Plaintiff Ng's argument for cross-jurisdictional tolling of the statute of limitations and holds that his claims are time-barred.  Defendant's motion for summary judgment on the NYGBL cause of action is GRANTED.

## Conclusion

Under Washington's choice-of-law provisions, the laws of the consumers' home states, and not Washington law, apply to their claims. Material differences between the consumer protection laws of the relevant states overwhelm common questions, and Plaintiffs are unable to demonstrate the predominance or manageability required for class certification. Defendant's motion to deny certification of a nationwide class under WCPA is GRANTED.

Having determined that WCPA does not apply, the Court DISMISSES Plaintiff Chawla's CUTPA claim for lack of subject matter jurisdiction. Plaintiff Ng's claims are time-barred by the applicable statute of limitations, and Defendant's motion for summary judgment as to his claims is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 10th day of October, 2014.

Marsha J. Pechman
Chief United States District Judge