UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY COE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PHILIPS ORAL HEALTHCARE INC,<br><br>Defendant. | CASE NO. C13-518 MJP<br><br>ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' SEVENTH CAUSE OF ACTION |

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment on Plaintiffs' Seventh Cause of Action – violation of the New Jersey Consumer Fraud Act. (Dkt. No. 114.) Having considered the Parties' briefing and all related papers, the Court GRANTS the motion.

**Background**

This putative class action seeks damages and equitable relief for purchasers of Defendant's allegedly defective Sonicare Diamond Clean, FlexCare, FlexCare+, Healthy White, EasyClean, and Sonicare for Kids powered toothbrushes and related replacement parts (collectively, the "Toothbrushes"). (Dkt. Nos. 20, 90.)

1    The suit began when Plaintiff Amy Coe filed a class action on behalf of Toothbrush
2  purchasers citing, among other things, breach of Washington and New Jersey state law. (Dkt.
3  No. 1.)  Approximately two months later, Plaintiffs Sam Chawla and Lance Ng filed a separate
4  action with similar claims under Washington, Connecticut, and New York state law.  <u>Chawla v.</u>
5  <u>Philips Oral Healthcare, Inc.</u>, No. 13-cv-875-MJP, Dkt. No. 1.  Plaintiffs Coe, Chawla, and Ng
6  then filed a consolidated complaint incorporating all claims.  (Dkt. No. 20).
7    In earlier motions, the Court found Washington law inapplicable to Plaintiffs' claims,
8  granted summary judgment for Defendant on Plaintiffs' warranty claims and Plaintiff Ng's New
9  York claims, and dismissed Plaintiff Chawla's Connecticut claims for lack of jurisdiction.  As a
10 result, Coe is the sole remaining named Plaintiff, and violation of the New Jersey Consumer
11 Fraud Act is the sole remaining cause of action.  Defendant now seeks summary judgment on
12 this cause of action, which would end the litigation.

13                         **Discussion**
14    I.    Legal Standards
15          A.    Summary Judgment
16    Summary judgment is proper where "the movant shows that there is no genuine issue as
17 to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.
18 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue
19 of fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  In assessing whether a party has met
20 its burden, the underlying evidence must be viewed in the light most favorable to the non-
21 moving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).
22          B.    New Jersey Consumer Fraud Act
23
24

Three elements are required for a prima facie case under the New Jersey Consumer Fraud Act ("CFA"): "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." Bosland v. Warnock Dodge, Inc., 964 A.2d 741, 749 (N.J. 2009).  In a misrepresentation case, "either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle and will set the stage for establishing the measure of damages." Thiedemann v. Mercedes-Benz USA, LLC, 872 A.2d 783, 792 (N.J. 2005).

Courts have tailored the standard CFA test when plaintiffs proceed on a benefit-of-the-bargain theory: "[t]he New Jersey Supreme Court has repeatedly and explicitly endorsed a benefit-of-the-bargain theory under the Consumer Fraud Act that requires nothing more than that the consumer was misled into buying a product that was ultimately worth less to the consumer than the product he was promised." Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 99 (D.N.J. 2011).  "A plaintiff alleging a benefit-of-the-bargain states a claim if he or she alleges (1) a reasonable belief about the product induced by a misrepresentation; and (2) that the difference in value between the product promised and the one received can be reasonably quantified." Id.

II.   New Jersey Consumer Fraud Act

  A.   Reasonable Belief Induced by Misrepresentation

A plaintiff proceeding under the benefit-of-the-bargain theory must show "a reasonable belief about the product induced by a misrepresentation." Id.  This phrasing of the test essentially combines the first and third prongs of the standard CFA test (unlawful conduct by the defendant, causal relationship between unlawful conduct and ascertainable loss). See Bosland, 964 A.2d at 749.

1	Defendant asserts it is entitled to summary judgment because Plaintiff Coe (1) never saw
2	any Philips marketing regarding the Toothbrushes she purchased, and (2) could not have had a
3	reasonable belief that the Toothbrushes would be entirely defect-free. (Dkt. No. 114 at 7, 9.)
4	Defendant also argues that Coe had firsthand knowledge of the Toothbrushes' quality after
5	purchasing her first Toothbrush, and thus her decision to purchase a second Toothbrush cannot
6	be attributed to a misrepresentation of quality by Defendant. (Dkt. No. 114 at 4.)

7	Plaintiffs argue that Plaintiff Coe saw and relied on television advertising regarding the
8	Toothbrushes and their quality, and that she reasonably believed the brushes would last for five
9	years or more, a life expectancy that Philips uses internally for its products but does not
10	advertise. (Dkt. No. 133 at 4, 10.) Plaintiffs also point to New Jersey case law explaining that
11	CFA does not require actual reliance; rather, a consumer merely needs to demonstrate that he or
12	she suffered an ascertainable loss 'as a result of' the unlawful practice. (Dkt. No. 133 at 17-18)
13	(citing Meshinsky v. Nichols Yacht Sales, Inc., 541 A.2d 1063, 1067 (N.J. 1988)). Finally,
14	Plaintiffs argue that Defendant's failure to disclose the defect to American consumers while
15	disclosing it to British consumers constitutes an actionable misrepresentation by omission, and
16	that Coe would not have purchased the Toothbrushes, or would have paid less for them, had the
17	defect been disclosed. (Dkt. No. 133 at 1, 4-5.)

18	Both Defendant and Plaintiffs cite Coe's deposition transcript, asserting that her
19	testimony supports their respective positions. During her deposition, Coe contradicts herself,
20	answering "no" when asked if she "relied on any Philips marketing," but explaining that she saw
21	and relied on television commercials when asked if she "recall[ed] reading any representations."
22	(Dkt. Nos. 133 at 2, 134 at 5.) Defendant argues that parties cannot create triable issues of fact
23	by submitting conflicting evidence without attempting to resolve the disparity, and that Coe's
24	

ORDER ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON
PLAINTIFFS' SEVENTH CAUSE OF ACTION- 4

1 answers do not point to specific television advertisements and are thus not specific enough to

2 create a triable issue.  (Dkt. No. 134 at 6-7.)  Plaintiffs do not attempt to resolve the conflict

3 between Coe's statements; rather, they assert that Coe's testimony shows that she did rely on

4 <u>some</u> representations made by Defendant.  (Dkt. No. 133 at 4.)

5       Coe's testimony on the Philips representations she relied on, however, addresses only the

6 Toothbrushes' <u>ability to clean teeth well</u>.  (Dkt. No. 132-1)  Coe testifies recalling

7 representations that the brushes are "more effective at cleaning the teeth than a manual

8 toothbrush," and are a "more powerful toothbrush."  (<u>Id.</u>)  Coe does not testify that she saw <u>any</u>

9 representations of how long the Toothbrushes would last or how quickly they would degrade.

10 Plaintiffs' attempt to rely on internal Philips guidelines specifying a five-year product life is

11 unavailing because that expected life is not communicated to consumers.  Coe could not have

12 suffered a loss "as a result of" a representation that was never made.

13       Plaintiffs' cause of action relies on the contention that Philips represented its

14 Toothbrushes would be free from defects, when in fact they were defective in a way that caused

15 them to degrade faster than what consumers would expect.  (Dkt. No. 20 at 44-45.)  But

16 Plaintiffs have put forward no evidence that Philips represented a certain life expectancy or a

17 certain rate at which the brushes would degrade.  Plaintiffs do not allege that the defect prevents

18 the Toothbrushes from cleaning teeth more effectively than a manual toothbrush, yet the only

19 representations from Philips they produce concern the effectiveness of the toothbrushes when

20 compared with a manual toothbrush.  Viewing the underlying evidence in the light most

21 favorable to the non-moving party, the Court concludes that Plaintiff Coe's claim fails as a

22 matter of law because she has produced no evidence of a representation made by Philips as to the

23 expected life of the products, which is the harm alleged to be caused by the defect.  Even if Coe

24

ORDER ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON
PLAINTIFFS' SEVENTH CAUSE OF ACTION- 5

could show a material misrepresentation related to the Toothbrushes' life expectancy, however, her claim fails as a matter of law because she has not demonstrated an ascertainable loss.

### B. Ascertainable Loss

CFA plaintiffs must demonstrate that they suffered an "ascertainable loss" as a consequence of the misrepresentation or omission, consisting of either an out of pocket loss or a demonstration of loss in value. Thiedemann, 872 A.2d at 792. Stated differently, plaintiffs must show that the difference in value between the product promised and the one received can be reasonably quantified. Smajlaj, 782 F. Supp. 2d at 99.

Defendant contends that Plaintiff Coe has suffered no loss, or at least no loss attributable to Defendant, because Coe voluntarily chose not to invoke the two-year repair or replace warranty – had she invoked the warranty, there would be no damages. (Dkt. No. 114 at 11.) Defendant also argues that Coe's claims are too speculative to survive summary judgment because Plaintiffs have not alleged how much Plaintiffs would have paid for defective Toothbrushes, had they known about the defects. (Dkt. No. 114 at 8.) Plaintiffs argue they have alleged facts sufficient to present to a jury to determine appropriate damages, (Dkt. No. 133 at 15-17), but do not respond to Defendant's warranty arguments.

Warranties provided "as part of the contract of sale or lease [are] part of the benefit of the bargain between the parties." Thiedemann, 872 A.2d at 794. "The defects that arise and are addressed by warranty, at no cost to the consumer, do not provide the predicate "loss" that the CFA expressly requires for a private claim under the CFA." Id. However, an exception to the requirement that a plaintiff exercise her warranty exists where it would be futile because repair or replacement would not cure an underlying defect. N.J.S.A. 12A:2–719(2); Asp v. Toshiba Am. Consumer Products, LLC, 616 F.Supp.2d 721, 737 (S.D. Ohio 2008).

1    Plaintiff Coe's claim under CFA survived dismissal because she alleged the exact
2 situation contemplated by the futility exception: if she had initiated a request for repair or
3 replacement, she would have simply swapped one defective product for another. (Dkt. No. 65 at
4 20.) At the summary judgment stage, Plaintiffs cannot rely on allegations in the complaint, but
5 "must make a showing sufficient to establish a genuine dispute of material fact regarding the
6 existence of the essential elements of [their] case that [they] must prove at trial." Galen v.
7 County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007).

8    Plaintiffs have submitted no evidence whatsoever that Plaintiff Coe believed repair or
9 replacement would be futile when she decided not to invoke the warranty. Instead, when asked
10 why she chose not to invoke the warranty, she testified that it is not her practice to call
11 companies and complain about defective products, and that she "figured [she] would just
12 replace" the defective brush. (Dkt. No. 134 at 10.) Plaintiffs' experts may well be able to
13 speculate on a product-wide design flaw that would support futility, but Plaintiffs have submitted
14 no evidence that Coe considered futility or design flaws, in any way, when choosing whether or
15 not to invoke her warranty. Instead, Coe testified that she believed the defect in her first
16 toothbrush was a fluke (a "lemon"), and that she decided to purchase the second brush exactly
17 because she thought failure was not due to an inherent defect but rather due to bad luck in
18 selecting a "lemon" Toothbrush. (Dkt. No. 114 at 7-8.)

19    Plaintiff Coe chose not to invoke the warranty provided to her as part of the bargain she
20 made with Defendant. Had Coe requested a replacement, she would have been given one. Coe
21 decided not to seek a replacement because she found it easier to purchase a new Toothbrush than
22 to lodge a complaint under the warranty, or because she threw away the box and was not aware
23 of the warranty. Plaintiffs have failed to make a showing sufficient to establish a genuine
24

dispute of material fact regarding Defendant's characterization of Coe's decision not to invoke the warranty. Viewing the evidence in the light most favorable to the non-moving party, Plaintiffs' CFA claim fails as a matter of law.

## Conclusion

Plaintiffs survived a motion to dismiss their New Jersey Consumer Fraud Act claim by alleging futility of repair or replacement under the warranty due to underlying defect. (Dkt. No. 65 at 20.) Plaintiffs have not produced any evidence, however, that Coe believed replacement under the warranty would be futile when she decided not to seek repair or replacement. Coe's decision not to invoke the warranty, absent evidence of futility, forecloses the showing of loss required to bring a private claim under CFA. Furthermore, Plaintiffs have produced no evidence of a representation by Philips as to the life expectancy of the Toothbrushes, which is what is allegedly affected by the defect. Plaintiffs' CFA claim fails as a matter of law, and Defendant's motion for summary judgment is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of October, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER ON DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON
PLAINTIFFS' SEVENTH CAUSE OF ACTION- 8